86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Wilburn MENEFIELD, Plaintiff-Appellant,
v.
L. STRADLEY; R. Bird, Defendants-Appellees.
 No. 95-16609.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Menefield, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendants, employees of the California Correctional Institute (CCI), in this 42 U.S.C. § 1983 suit. Menefield asserts that Bird and Stradley had him transferred to Pelican Bay State Prison (PBSP) because he threatened to sue them for mistreating him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994). "Summary judgment is appropriate if the evidence, read in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." Id. (citing Fed.R.Civ.P. 56(c)). To show a genuine issue, the nonmoving party must establish each element of the claims as to which he bears the burden of proof at trial by presenting significant probative evidence tending to support them. Id. (citing Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990)).
 
 
 4
 "A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Id. at 815-16 (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 5
 Here, Menefield was transferred from the CCI to PBSP after a committee, which included neither defendant, recommended the move, citing his high classification score and management problems. The district court granted summary judgment in defendants' favor because Menefield failed to show, among other things, that either defendant was responsible for his transfer or that the transfer did not advance legitimate penological goals.
 
 
 6
 As in his motion for a preliminary injunction, whose denial we upheld in 1993, Menefield here fails to "make a sufficient showing that prison officials ha[ve] taken retaliatory action." Menefield v. Stradley, No. 92-16350 (9th Cir. June 21, 1993). Moreover, there is evidence showing that his transfer was justified, see Superintendent v. Hill, 472 U.S. 445, 455-56 (1985), and served the legitimate penological purpose of maintaining prison discipline, see Rizzo, 778 F.2d at 532. We hold, therefore, that the district court properly granted summary judgment on Menefield's retaliation claim. See Barnett, 31 F.3d at 815.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3